## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    **CYNTHIA BRYSON,** | ) | |
| | ) | |
|         **Plaintiff,** | ) | |
| **v.** | ) | **CIV-14-**1373-HE |
| | ) | |
| 1.    **THE STATE OF OKLAHOMA** | ) | |
|         **ex rel. OKLAHOMA DEPARTMENT** | ) | |
|         **OF HUMAN SERVICES, and** | ) | |
| 2.    **CALVIN KELLEY, in his individual** | ) | |
|         **capacity as Region III Deputy** | ) | |
|         **Director,** | ) | |
| | ) | **Jury Trial Demanded** |
|         **Defendants.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Cynthia Bryson, and for her causes of action against the Defendants would herein allege and state as follows:

### PARTIES

1.    The Plaintiff is Cynthia Bryson, an adult female residing in Oklahoma County, Oklahoma.

2.    The Defendants are:

a) The State of Oklahoma ex rel. Oklahoma Department of Human Services ("DHS"), an entity doing business in Oklahoma County, Oklahoma; and

b) Calvin Kelley ("Kelley"), an individual employed as the Region III Deputy Director for DHS working in Oklahoma County, Oklahoma at all times relevant hereto.

### JURISDICTION AND VENUE

3.    This is a cause of action arising out of Plaintiff's employment with Defendant DHS and is based on the following claims: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (2)  retaliation for use of leave protected by the Family Medical Leave Act ("FMLA"); (3)  violation of Plaintiff's Fourteenth Amendment

1

constitutional right to equal protection of the laws made actionable by 42 U.S.C. § 1983; (4) violation of the Oklahoma Anti-Discrimination Act in the form of age discrimination; and (5) violation of Plaintiff's First Amendment constitutional right to free speech. Plaintiff's constitutional injuries were caused by state actors.

4.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff has exhausted her administrative remedies as to the above-listed claims by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff timely filed an EEOC Charge on or about August 28, 2014. The EEOC issued a Notice of Right to Sue dated September 15, 2014 which was received by Plaintiff thereafter. Plaintiff timely filed this Complaint within ninety (90) days of receipt of the EEOC Notice of Right to Sue.

6.      Plaintiff filed a second Charge of Discrimination on or about November 19, 2014. Such Charge is currently pending.

7.      Plaintiff also issued a Notice of Governmental Tort Claim on or about September 17, 2014 and amended such Notice on or about December 4, 2014. Such notice is currently pending.

8.      The Defendants are located in Oklahoma County and can be served in such county. All acts complained of occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9.      Cynthia A. Bryson was born in 1955, making her over forty (40) years of age

2

at all times relevant hereto.

10.    Bryson began her employment with DHS as a Child Welfare Worker on or about May 5, 1980. In or around 1995, Bryson was promoted to a supervisor position.  On or about November 30, 2010, Bryson left DHS to take a job with a different state agency (OCCY) and held that job until March 2012.  In or around 2012, Bryson was re-hired by DHS as an Assistant County Director.  Bryson was promoted to District Director in or around October 2012.

11.    Throughout her employment with the State of Oklahoma, Bryson's job performance was at least satisfactory, if not excellent.

12.    As a District Director, Bryson reported to Defendant Kelley.  During this time, Kelley spoke to Bryson and other female employees in a condescending manner.  Kelley did not speak to male employees in the same fashion.

13.    In or around November 2012, Bryson became a foster parent for her two (2) grandchildren ages six (6) months old and three (3) years old.  Thereafter, Bryson took FMLA leave to care for the children after their placement with her.

14.    On or about December 10, 2013, Bryson began fostering her newborn grandson.  Bryson requested and was granted FMLA from December 10, 2013 until January 6, 2014 for the care of her grandchildren, including but not limited to bonding with all three children and taking them to medical appointments.

15.    Bryson was not able to return to work as scheduled because her newborn grandson contracted respiratory syncytial virus ("RSV") at one (1) month old.  Bryson ultimately returned to work on or about January 29, 2014.  Thereafter, Bryson was required to take her newborn grandson to follow-up pediatrician appointments.  Bryson scheduled such appointments in the early morning or late afternoon and was available by phone when

away from the office.  Such leave was FMLA-intermittent qualifying leave.

16.     On or about June 18, 2014, Bryson was told by Regional Manager Calvin Kelley that she was an "at-will" employee and that June 18 would be her last day.  Bryson asked several times why she was being terminated, to which Kelley responded that he was not "going to get into it" with her and that he did not want to offend Bryson.  Kelley further stated that Bryson had been wanting to retire and that she needed to go home and take care of the babies, referring to her grandchildren.  However, Bryson had no intention of retiring at that time and planned on working for DHS for several more years.  Bryson was on intermittent FMLA for her grandson at the time of her termination.

17.     Upon information and belief, Bryson has been replaced by a significantly younger individual.

18.     Such reason for termination was merely pretext for unlawful discrimination due to Bryson's age, protected medical leave under the FMLA.  Bryson had not been previously disciplined in her employment with DHS.  And, Kelley did not notify Bryson at any time that her performance as a District Director was deficient.

19.     Further, Bryson's termination was due, in part, to retaliation for her comments in opposition to new DHS practices which she believed were not in the best interest of Oklahoma children.  For instance, Bryson was informed of a potential change to the overnight intake process.  Specifically, it was proposed that the overnight intake staff should pass referrals which came in during the night to day shift staff, rather than the night staff carrying a caseload.  Bryson spoke out about this change, stating that this was not fair to day shift staff who were already overworked and struggling to ensure that the children on their caseload were cared for adequately.  Over large caseloads for these workers could and has resulted in children and their caretakers not having the proper oversight DHS is tasked with

providing. This places Oklahoma children in a dangerous abuse or neglect situation that could have been avoided if not for the DHS workers' heavy caseloads.

20.     Bryson also disagreed with Kelley's desire to terminate a Care Center employee. This particular employee was responsible for investigating serious allegations of child neglect and abuse, including allegations resulting in the death of a child. Kelley questioned this employee's handling of these investigations due to complaints. Bryson told Kelley that she did not agree with terminating the employee because the complaints arose from the employee doing her job, pursuing investigations of abuse and neglect in an attempt to hold individuals accountable for these actions.

21.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - FMLA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22.     This count goes against Defendants DHS and Kelley.

23.     The matters alleged above constitute retaliation for Plaintiff's use or attempted use of leave for the foster placement of her grandchildren, and care for her grandchildren suffering from a serious medical condition, in contradiction of the Family and Medical Leave Act.

24.     Plaintiff was entitled to medical leave because her grandchildren were placed with her for foster care, she worked for DHS, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to her need for leave.

25.     Defendants retaliated against Plaintiff for using medical leave by terminating Plaintiff.

26.     As the direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA.

## COUNT II - Title VII (Gender)

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

27.     This count goes against Defendant DHS only.

28.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of gender discrimination.

29.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

## COUNT III - 42 U.S.C. § 1983 (Equal Protection)

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30.     This count goes against Defendant Kelley only.

31.     Defendant Kelley acted under the color of his authority in a manner which deprived Plaintiff of her constitutional right to equal protection. Defendant Kelley took such actions against Plaintiff due to her membership in a protected class, including but not limited to her gender and age. Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question.  Therefore, Defendant Kelley is liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

32.     The actions listed above have caused a physical, mental and emotional injury to the Plaintiff in an amount to be determined by the jury.

33.     To the extent that the actions of any individual Defendant are deemed willful

6

or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

## COUNT IV - Age

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

34.     This count goes against Defendant DHS only.

35.     The matters alleged above constitute violations of the Oklahoma Anti-Discrimination Act in the form of age discrimination.

36.     Plaintiff is entitled to relief under the OADA because, at all times relevant to this action, she was over the age of forty (40), was satisfactorily performing her job, she was passed over for promotion in favor of significantly younger individuals, she was demoted and replaced by a person significantly younger than her, and she was treated less favorably that similarly situated, younger employees.

37.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the OADA, including attorneys fees and costs.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

## COUNT  V - First Amendment Violation

For her fifth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

38.     This count goes against Defendant Kelley.

39.     Defendant Kelley was acting under the color of his authority in a manner which deprived Plaintiff of her constitutional right to the freedom of speech.  The actions taken against Plaintiff were the result of decisions made by representatives of DHS with final policy-making authority and/or through an official policy or custom.

40.     The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question.  Plaintiff's comments as stated herein constitute protected comments on matters of public concern, including but not limited to Plaintiff's opposition to DHS initiatives that did not serve the best interests of Oklahoma children and her opposition to terminating an effective employee charged with investigating allegations of abuse and neglect.  The actions of the Defendant were in deliberate indifference to the constitutional rights of Plaintiff. Therefore, the Defendant is liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

41.     The matters alleged above represent violations of Plaintiff's rights under the First Amendment which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

42.     Because the actions of the individual Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## PRAYER

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, liquidated damages, punitive damages against the individual, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF DECEMBER, 2014.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, OK 73139**
**(405) 239-3800        (telephone)**
**(405) 239-3801        (facsimile)**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**